APRIL TERM, 1838.

Pratt v. Blakey.

---

## Edwin G. Pratt v. William Blakey.

The finding by the jury of excessive damages, not warranted by the evidence, is good ground for a new trial; and the refusal of the court to grant one, under such circumstances, is error, which will be corrected in the supreme court.

|  5  205|
|123  253|

Opinion of the court delivered by Edwards, Judge.

This was an action of asusmpsit by Blakey against Pratt. Pleas non assumpsit and off-set, and issue on each. A bill of particulars filed in the cause exhibits the character of Blakey's demand, and fixes the amount at $1,326 80. Pratt's demand was for services rendered as clerk in the receiver's office. Blakey was receiver. Verdict and judgment for Blakey, and damages assessed at $519 36. Pratt moved for a new trial, and the court overruled the motion.

APRIL TERM,
1838.

Pratt v. Blakey.

The finding by the jury of excessive damages, not warranted by the evidence, is good ground for a new trial; and the refusal of the court to grant one, under such circumstances, is error, which will be corrected by the supreme court.

The refusal of the court to grant a new trial is assigned for error.

One of the witnesses, John W. Haydon, as appears from the bill of exceptions saved in this cause, stated that Blakey asked Pratt in his presence "if he did not agree to give him $200 00 a year, and that afterwards he had agreed to raise the price to $400 00, as business had increased, to which Pratt assented." The witness afterwards stated that he alluded to the first contract, "two hundred dollars for the first year, and four hundred annually thereafter."

Another witness, William Wright, register of the land office, stated that Pratt commenced labors as clerk about the 17th of October, 1834, and continued until about February, 1837, being about two years and four months. That Pratt contracted with Blakey at $200 00 a year, but that five or six months after, Pratt told Blakey that he could not afford to work for that sum, when Blakey agreed to pay Pratt more, as business had increased. No definite sum was agreed on. This witness further stated, that he would consider five hundred dollars a year a reasonable sum for the services of a clerk in the receiver's office, provided he did all the business.

Part of Blakey's demand consists of $125 00, paid to James L. Minor, for making up three quarterly returns, and $25 00, paid for filling up receipts; in all, $150 00. Making these returns, and filling the receipts were part of the duties in the receiver's office. It does not appear from the testimony in this cause that Pratt was to perform all the duties of the office. It does appear that the business greatly increased after Pratt commenced the duties of clerk.

If Pratt had undertaken to perform all the duties of clerk in the receiver's office, and in consequence of his negligence it had become necessary for the receiver to employ aid to bring up the business, Pratt would have been liable for reasonable compensation paid the persons thus employed; or if Pratt had received for acting as clerk what it was reasonably worth to discharge all the duties of clerk in the receiver's office, and it had become necessary to employ aid to bring up the business, then he might have been chargeable with the necessary expense of employing that aid. In this case, however, it does not appear that Pratt undertook to perform all the duties of the office. If, then, his claim should be allowed, according to Haydon's testimony, it would be wrong to charge him with the $150 00, paid for making the re-

turns and filling the receipts; because Haydon says he was to receive $200 00 per annum part of the time, and $400 00 part of the time; and Wright says it was worth $500 00 annually to perform the duties. But if Pratt's claim were allowed, according to Wright's testimony, (five hundred dollars per year,) then he might be chargeable with what was necessary to have paid the expense of making the returns and filling the receipts; because, as he was to receive full wages for performing all the duties of the office, it was not unreasonable to infer that he was bound to do so.

In his testimony, Wright fixes the time in which the increase of Pratt's wages commenced, at five or six months after his contract with Blakey. Haydon, in explaining his testimony, uses the expression, "two hundred dollars for the first year, and four hundred dollars annually thereafter." This loose expression is not sufficient to fix the time of increase in Pratt's wages at the end of the year, being repelled as it is by Wright's testimony, which fixes it at least as early as the end of *six months* from the first contract. Taking the end of the first six months as the time when the wages were raised, Pratt's claim would stand thus: For the first six months' services, he would be entitled to $100 00; for the next year, $400 00; and for the last ten months, $333 33; making the sum of $833 33, for two years and four months services, the time that Wright states Pratt labored in the office. Add to this sum $11 00, for which Blakey gives Pratt credit in 'his bill of particulars, and Pratt's claim of off-set will be $844 33. This calculation is based upon Haydon's testimony, so far as it proves any thing with certainty. Blakey's demand is $1,326 80, and includes the $150 00 paid for making returns and filling receipts. Deducting this last sum from Blakey's demand, leaves $1,176 80. Pratt's off set deducted from this sum, leaves a balance in favor of Blakey of $332 47. This sum deducted from $519 34, the damages assessed by the jury, shows an excess of $176 87, in the assessment of damages.

To calculate according to Wright's evidence, Pratt will be entitled, for the first six months, to $100 00; for the next twelve months, to $500 00; and for the next ten, making two years and four months in all, to $416 66; all of which, added to the credit given by Blakey in his bill of particulars of $11 00, makes Pratt's off-set amount to $1,027 66. This allowance of five hundred dollars per annum is made upon the supposition that Pratt

was to perform all the duties of the office. In striking the balance, the $150 00 paid for making returns and filling receipts, will not, therefore, be deducted from Blakey's demand. Take Pratt's $1,027 66, from Blakey's demand, $1,326 80, and a balance of $299 14 is left. This sum deducted from $519 34, the amount of damages assessed by the jury, shows an excess in the assessment of $220 20. If we base the case upon Leland Wright's testimony, another witness in the cause, the finding of the jury will be still more excessive. He states that it was worth eight hundred dollars to perform the duties of the office. These were the only witnesses in the cause who testified as to the value of Pratt's services. Taking the testimony of either, the finding of the jury was excessive. The court erred in overruling the motion for a new trial.

The judgment of the court below ought to be reversed; and the other Judges concurring, it is reversed, and remanded for a new trial.